## Commonwealth v. Bell

*Todd P. Kriner,* for Commonwealth.
*James J. Karl,* for defendant.

GEORGELIS, *J.,* December 1, 2005—Before me is the Commonwealth's praecipe to have the defendant classified as a sexually violent predator (SVP) pursuant to 42 Pa.C.S. §9795.4(e). The defendant was charged with, and pled guilty to, criminal attempt to commit rape, 18 Pa.C.S. §901(a), a first-degree felony, aggravated indecent assault, 18 Pa.C.S. §3125(a)(7), a second-degree felony, and corruption of minors, 18 Pa.C.S. §6301(a)(1), a first-degree misdemeanor. Convictions for criminal attempt to commit rape and aggravated indecent assault subject the defendant to the registration requirements of Pennsylvania's Megan's Law, 42 Pa.C.S. §9791 et seq. Specifically, see 42 Pa.C.S. §9795.1(a) and (b).

The defendant has filed a motion challenging the constitutionality of the sexually violent predator provisions of Megan's Law. The issues raised in that motion have been adjudicated by the Honorable Paul K. Allison in his May 10, 2005 opinion in *Commonwealth v. Heeks,* nos. 3809-2003 and 557-2004. I rely on that opinion and deny the constitutional challenges presented by this defendant.

As required by 42 Pa.C.S. §9795.4(a), an assessment by the Sexual Offenders Assessment Board was ordered

and completed. As required by 42 Pa.C.S. §9795.4(e), a hearing was held. At its conclusion, I directed the parties to file proposed findings of fact and proposed conclusions of law, and they have done so.

After reviewing all of the evidence presented at the hearing and the parties' submissions, I make the following:

## FINDINGS OF FACT

(1) Robert M. Stein Ph.D., a licensed psychologist and the member of the board who conducted the assessment, was presented by the Commonwealth, and accepted by the court, as an expert in the field of sexually violent predator assessment. N.T. 3-6.

(2) In making his assessment, Dr. Stein relied on the board's investigator's report, police reports, a letter from Bell to the victim's mother, ChildLine and Children and Youth notes, a pediatric report on the victim, a pre-sentence investigation and prior police reports. N.T. 7-8.

(3) Bell decided not to participate in the assessment, but this did not affect the assessment because Dr. Stein's opinions are based on past behavior and not on a presentation or interview. N.T. 8.

(4) Dr. Stein based his assessment on an examination of the 15 factors set forth in 42 Pa.C.S. §9795.4(b).[1] N.T. 8-9.

---

1. An assessment shall include, but not be limited to, an examination of the following:

"(1) Facts of the current offense, including:

"(i) Whether the offense involved multiple victims.

(5) In evaluating sexual deviance, the younger the child, the greater the sexual deviance.

(6) By examining these 15 factors, the board determines if the offender is a SVP by determining: (1) if he has a mental abnormality or personality disorder which predisposes him to committing sex offenses; and (2) if he has engaged in a pattern of predatory behavior. N.T. 9 and definition of SVP at 42 Pa.C.S. §9792.

(7) Predatory is defined as an "act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. §9792 and N.T. 19.

---

"(ii) Whether the individual exceeded the means necessary to achieve the offense.

"(iii) The nature of the sexual contact with the victim.

"(iv) Relationship of the individual to the victim.

"(v) Age of the victim.

"(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

"(vii) The mental capacity of the victim.

"(2) Prior offense history, including:

"(i) The individual's prior criminal record.

"(ii) Whether the individual completed any prior sentences.

"(iii) Whether the individual participated in available programs for sexual offenders.

"(3) Characteristics of the individual, including:

"(i) Age of the individual.

"(ii) Use of illegal drugs by the individual.

"(iii) Any mental illness, mental disability or mental abnormality.

"(iv) Behavioral characteristics that contribute to the individual's conduct.

"(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense."

(8) Bell committed the act while the victim was in the vulnerable state of sleeping. N.T. 10.

(9) The mental capacity of the 8-year-old victim was consistent with her age. N.T. 11.

(10) Bell's act did not include a display of unusual cruelty. N.T. 11.

(11) Bell has a history of violent behavior, including being subject to five protection from abuse orders involving three different women and, in one case, involving the beating of a child. N.T. 16.

(12) Bell was convicted in 2001 of corruption of a minor involving a 13-year-old girl. N.T. 11-12.

(13) Bell has a history of substance and alcohol abuse. N.T. 12.

(14) Bell is a sexual recidivist and has been clinically diagnosed as having paraphilia, not otherwise specified (NOS), because he demonstrated sexual interest in non-consenting persons for a period of greater than six months. N.T. 14.

(15) Bell's behavior and history, including behavior problems in school, commission of crimes, unstable work history, use of alcohol while taking medication, failures in treatment, repeated violent acts and repeated probation violations, are consistent with the criteria for anti-social personality disorder. N.T. 17.

(16) Bell sustained a significant brain injury which left him in a coma for one year and which could explain his impulse control problems and/or his anti-social personality disorder. N.T. 17.

(17) Bell has a mental abnormality and personality disorder which predisposes him to future sexual offenses. N.T. 18.

(18) Bell's use of a key to open the victim's door and his applying KY jelly to her while she was sleeping are indicators that he entered the room for the sole purpose of gratifying himself sexually. N.T. 19-21.

(19) Bell's actions against the victim, along with his prior history, constitute a predatory behavior pattern. N.T. 21.

(20) The combination of Bell's predatory behavior pattern and his mental abnormality and personality disorder deem Bell likely to engage in predatory sexual offenses in the future. N.T. 21-22.

(21) Bell meets the criteria for the SVP designation. N.T. 22.

## DISCUSSION

In order for an individual to be a SVP, the Commonwealth must prove that the individual meets the requirements by clear and convincing evidence. 42 Pa.C.S. §9795.4(e)(3). A SVP is a person who has been convicted of a sexually violent offense and who is determined to be a SVP due to a mental abnormality or personality disorder which makes him likely to engage in predatory sexually violent offenses. 42 Pa.C.S. §9792. A mental abnormality is a congenital or acquired condition of a person which affects his emotional or volitional capacity in a manner that predisposes him to the commission of criminal sexual acts to a degree that makes him a menace to the health and safety of other persons. *Id.* An act is

predatory when it is directed at a stranger or at a person with whom a relationship has been established, maintained or promoted in order to facilitate or support victimization. *Id.* As noted, there are two requirements for the SVP designation: the existence of a mental abnormality or personality disorder and the likelihood of future, predatory sexually violent offenses.

As to the requirement of a mental abnormality or personality disorder, Dr. Stein opined with a reasonable degree of certainty, after examining the 15 statutory factors, that Bell suffers from a mental abnormality and personality disorder. He based this opinion on: Bell's lengthy pattern of anti-social behavior; his 2001 and current offenses indicating a sexual interest in non-consenting individuals over a period of more than six months; his lengthy history of violent behavior; his impulse control disorder; his anti-social personality; his brain injury; his chronic substance and alcohol abuse; and his clinical diagnosis of paraphilia NOS. Even though Dr. Stein was thoroughly cross-examined on this opinion and the reasons for it, he did not change it. I believe the opinion was unrebutted, and I conclude that Bell suffers from a mental abnormality and personality disorder.

As to the second requirement for the SVP designation, *i.e.,* the likelihood in the future of predatory sexually violent offenses, Dr. Stein opined with a reasonable degree of certainty that Bell has demonstrated a predatory behavior pattern which would likely lead him to reoffend. He based this opinion on: (a) Bell's entry into the victim's apartment by using a key, his applying KY jelly to the victim and his admission that he could not obtain a sexual release with his paramour, all of which

indicate his act had the sole purpose of victimization; (b) the opportunity created by a sleeping victim; (c) his prior offense involving a 13-year-old girl; and (d) his long history of impulsive acts. Again, even though Dr. Stein was thoroughly cross-examined on this opinion and the reasons for it, he did not change it. I believe the opinion was unrebutted, and I conclude that Bell is likely to engage in future, predatory sexually violent offenses.

## CONCLUSION OF LAW

I conclude that the Commonwealth has met its clear and convincing evidence burden of proof, and, accordingly, I conclude that Bell is a sexually violent predator as defined by Megan's Law, 42 Pa.C.S. §9791 et seq.